# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2889 | **DATE** | 5/10/2002 |
| **CASE TITLE** | SELENA C. GAFFNEY vs. JOHN E. POTTER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]



**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Status hearing held and continued to June 11, 2002 at 9:00 a.m. Enter Memorandum Opinion And Order. The Postal Service's motion for summary judgment is denied. Matter is referred to Magistrate Judge Ian Levin for settlement conference.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | MAY 1 3 2002 | | 25 |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| LG | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**MAY 1 3 2002**

| | | |
|---|---|---|
| SELENA C. GAFFNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 01 C 2889 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| JOHN E. POTTER, POSTMASTER GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Selena Gaffney ("Gaffney"), filed suit against Defendant, John E. Potter as Postmaster General of the United States Post Office ("Postal Service"), seeking reversal of the denial of compensatory damages for her successful claims of discrimination against the Postal Service. Before the Court is the Postal Service's Motion for Summary Judgment.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). However, the nonmovant must still come forward with evidence establishing the elements of its claim on which it bears the burden of proof at trial. As such, it must establish specific facts that show there is a genuine issue for trial. *Miller*, 203 F.3d at 1003.

In May 1993, the Postal Service completed an organizational restructuring. (Plaint.'s 56.1(a)(3) Statement ¶ 1). For approximately five years prior to the restructuring, Gaffney, an

25

African-American female, had been employed as a Forfeiture Specialist, EAS-14, for the Postal Service. (Id., at ¶ 2). Gaffney bid on retaining her Forfeiture Specialist position, which was reclassified to a grade level EAS-16. The position was filled by a white male who did not have previous experience. (Id., at ¶ 3). Gaffney was appointed to the position of Operations Technician, EAS-11, but she retained her grade fourteen level pay. (Id., at ¶ 4).

On October 11, 1994, Gaffney filed a formal Equal Employment Opportunity ("EEO") complaint of discrimination, alleging race, sex, national origin, and age discrimination. (Def.'s 56.1(a)(3) Statement ¶ 5). Gaffney's complaint did not include a claim for retaliation. (Id., at ¶ 6). Her complaint sought her return to her former position, an award of back-pay, any needed re-training, and $250,000 in punitive damages "for all the stress and other related problems suffered". (EEO Complaint, ¶ 16). Shortly after filing her complaint, Gaffney received a notice requesting an affidavit including an itemized listing of compensatory damages. Gaffney submitted the requested affidavit. The affidavit did not include a claim for, or entitlement to, compensatory damages. (Def.'s 56.1(a)(3) Statement ¶ 17; Def.'s exhibits 3, 4).

On December 30, 1996, following a hearing, an administrative law judge ("ALJ") found that Gaffney had been discriminated against on the basis of race and sex when she was not selected for the EAS-16 Forfeiture Specialist position. (Plaint.'s 56.1(a)(3) Statement ¶ 6). As corrective action, the ALJ recommended that Gaffney be offered a Forfeiture Specialist or equivalent position and that she receive retroactive "make-whole relief". (Id., at 7).

On March 14, 1997, the Postal Service issued a final agency decision rejecting the ALJ's decision. (Def.'s 56.1(a)(3) Statement ¶ 8). In April 1997, Gaffney filed an appeal with the Equal Employment Opportunity Commission Office of Federal Operations ("OFO"). (Id., at ¶ 9). On

December 4, 1998, the OFO reversed the final agency decision and remanded the case to the ALJ. The OFO ordered the agency to offer Gaffney a Forfeiture Specialist, EAS 16, or equivalent position, pay back-pay and benefits due, and pay attorney's fees. (OFO Decision, p. 3-4).

On December 30, 1998, the Postal Service requested reconsideration of the OFO's decision. (Plaint.'s 56.1(a)(3) Statement ¶ 13). On March 30, 2000, the Postal Service's request was denied. The OFO ordered the Postal Service take remedial action, including offering Gaffney placement in a Forfeiture Specialist, EAS-16, position, back-pay, interest, and benefits. It also remanded the issues of attorney's fees, costs, and compensatory damages to the hearings unit of the appropriate EEOC field office. (Id., at ¶ 14). On June 26, 1993, Gaffney was appointed to the position of Forfeiture Specialist, EAS-16. (Id., ¶ 16).

On June 1, 2000, the ALJ issued an order for Gaffney to submit a verified statement of fees and ordered the Postal Service to contact Gaffney to initiate settlement discussions on the issue of compensatory damages. (Plaint.'s 56.1(a)(3) Statement ¶ 19). On September 1, 2000, the ALJ awarded Gaffney $8,764.22 in attorney's fees and costs. He did not award compensatory damages, finding that she failed to prove such damages. (Id., at ¶ 20). On January 25, 2001, the Postal Service issued a final agency decision adopting the ALJ's decision on attorney's fees and compensatory damages.

On April 23, 2001, Gaffney filed the present suit, seeking a review of the denial of compensatory damages. (Def.'s 56.1(a)(3) Statement ¶ 13). Gaffney alleges that the demotion and nonselection to the Forfeiture Specialist, EAS-16, position adversely impacted her relationships, stress from the situation contributed and worsened her physical well-being, and made her have feelings of humiliation, embarrassment, mental anguish, and emotional pain and suffering.

(Complaint).

The Postal Service argues that summary judgment is proper because Gaffney cannot have this Court review only the denial of compensatory damages. Instead, the Court must review all of the findings, including liability. Gaffney argues that a *de novo* trial may be held on only the compensatory damages issue, and the Court cannot undertake a *de novo* review of the merits of her claims.

Federal employees have the same right as private employees to contest an administrative decision on their discrimination claim. *See Chandler v. Roudebush*, 425 U.S. 840, 864 (1976) (*Chandler*). A plaintiff that is successful in his or her claim of discrimination at the agency level may file a civil action in federal court to enforce the agency's final decision. *See Moore v. Devine*, 780 F.2d 1559, 1563 (11th Cir. 1986) (*Moore*); *Ritchie v. Henderson*, 161 F. Supp. 2d 437, 448 (E.D. Pa. 2001) (*Ritchie*); 29 C.F.R. 1614.503(g). If the plaintiff seeks only to enforce the final agency's decision, the federal court does not undertake a *de novo* review of the agency's finding of liability. *See Moore*, 780 F.2d at 1563; *Ritchie*, 161 F. Supp. 2d at 448; *Malcolm v. Reno*, 129 F. Supp. 2d 1, 5 (D.D.C. 2000) (*Malcolm*).

An "aggrieved" plaintiff, one that disputes the agency's "final disposition", may also file a civil action in federal court pursuant to 42 U.S.C. 2000e-5. *See* 42 U.S.C. 2000e-16(c); *Chandler*, 425 U.S. at 845-46. This civil action is a "trial *de novo*" and allows a federal employee to enforce her rights under the statute just as state and private employees have a right to enforce their rights under the statute. *See Chandler*, 425 U.S. at 864; *Moore*, 780 F.2d at 1562; 29 C.F.R. 1614.503(g). If a plaintiff does not file a civil action, the final decision of the agency is binding on the agency. *Gibson*, 137 F.3d at 993; 29 C.F.R. 1614.504(a).

In the instant case, Gaffney does not seek to enforce the final agency's decision. Instead, she seeks a trial *de novo* of the agency's final decision. However, she only seeks a trial *de novo* of that part of the agency's final decision that did not award her compensatory damages. She does not want, and argues that this Court cannot, conduct a trial *de novo* on those parts of the decision she does not contest, *i.e.*, liability on the part of the Postal Service.

This Court was unable to find any Seventh Circuit or district court decision within this circuit which decided this issue.[1] Other district court's have split on the issue, and the Fourth Circuit Court appears to support Gaffney's argument. Those courts that hold that a plaintiff may seek a trial *de novo* only on the issue of remedies without having a trial *de novo* on the issue of liability generally cite to *Pecker v. Heckler*, 801 F.2d 709 (4th Cir. 1986) (*Pecker*) for support of this proposition.

In *Pecker*, the plaintiff filed suit in federal court after prevailing in her administrative proceeding. In federal court, plaintiff argued only that the remedy she received via the administrative agency was inadequate. The defendant did not contest liability. The district court granted summary judgment in favor of the plaintiff. *Pecker*, 801 F.2d at 710.

The circuit court opinion did not address the present issue and did not indicate that it was argued by the parties. However, in a footnote, the circuit court stated that the defendants were bound by the EEOC's findings of discrimination and retaliation. *Pecker*, 801 F.2d at 711 n. 3. The court found that the plaintiff should have been awarded greater damages and remanded the case to the district court to enter an order reflecting such damages. *Pecker*, 801 F.2d at 713.

*Pecker* is not persuasive on the present issue for several reasons. First, the issue was not

---

[1]Gaffney cites to *Gibson v. Brown*, 137 F.3d 992 (7th Cir. 1998), as support for argument. However, the *Gibson* court did not have the present issue before it and did not decide the issue.

addressed by the court. Second, liability was not contested by the parties. Third, *Pecker* was arguably an enforcement action in which the federal court does not undertake a *de novo* review of the agency's finding of liability or, if considered a *de novo* proceeding, the defendant did not contest the material elements of liability. *See Moore*, 780 F.2d at 1563; *see also, Ritchie*, 161 F. Supp. 2d at 449; *Cocciardi v. Russo*; 721 F. Supp 735, 737 (E.D. Pa. 1989) (*Cocciardi*) (both distinguishing *Pecker* on grounds that liability was not contested and facts support the action was an 'enforcement action' as opposed to a fragmented review).

Another, later Fourth Circuit Court case that is also cited for the proposition that a trial *de novo* on just the issue of remedies is available to a plaintiff without also having a trial on the issue of liability is *Morris v. Rice*, 985 F.2d 143 (4th Cir. 1993) (*Morris*). In *Morris*, the court again was not confronted with the present issue. Instead, the court determined whether it was error for the district court to consider *de novo* a question of fact relevant to that of the remedy which had also been considered and determined by the agency in the context of discrimination when the plaintiff did not contest the agency's finding as to discrimination. *Morris*, 985 F.2d at 146. The *Morris* court held that the district could review the factual question because it was related to the issue of remedies. *Morris*, 985 F.2d at 145. However, the court, in dicta, stated "the plaintiff may limit and tailor his request for *de novo* review, raising questions about the remedy without exposing himself to *de novo* review of a finding of discrimination".[2] In support of this statement, the *Morris* court cites *Pecker*, 801 F.3d at 711 n.3; *Haskins v. United States Dept. of Army*, 808 F.2d 1192, 1199 & n. 3 (6th Cir. 1987) (*Haskins*); and *Moore*, 780 F.2d at 1562.

---

[2]This is the statement generally cited in later opinions that find a plaintiff may seek a trial *de novo* on only the issue of remedies.

6

The cases cited by *Morris* fail to support the statement. For the reasons set forth above, *Pecker* does not support such a broad statement. In addition, *Haskill* was cited for the proposition that a federal employee may seek <u>enforcement</u> of an agency decision without risking *de novo* review. This proposition was not at issue and is distinct from a case where a plaintiff files suit contesting an agency's final decision. A plaintiff seeking <u>enforcement</u> of an agency decision is not contesting any portion of the final decision, is not seeking a different ruling, or asking the district court to review any portion of the decision. The plaintiff simply wants the district court to enforce what has already been decided. Lastly, the language cited from *Moore*, that an agency is bound by the final decision, fails to support the proposition that a fragmented review is allowed. An agency is only bound by the final decision if the final action is not the subject of an appeal or a civil action. *See* 29 C.F.R. 1614.504(a). Accordingly, if the plaintiff files a civil action to enforce her rights under the statute, the agency is no longer bound by the final decision and may contest liability. More importantly, the *Moore* court held that "where ... the employee files a complaint asking the district court to consider the case on the merits and proceeds to trial *de novo* of the very claims resolved by the EEOC, he or she cannot complain when the district court independently resolves the claims on the merits." *Moore*, 780 F.2d at 1564. This holding is inconsistent with the *Morris* court's statement set out above and in Gaffney's argument; instead, it supports the opposite conclusion asserted by the Postal Service. *See also Simpkins v. Runyon*, 5 F. Supp. 2d 1347, 1351 (N.D. Ga. 1998) (*Simpkins*) (finding statement in *Morris* was not supported by precedent upon which it was based).

Gaffney cites to *Malcolm*, 129 F. Supp. 2d 1, in support of her argument of a district court "that got it right". However, a careful reading of *Malcolm* demonstrates that *Malcolm* did not decide the present issue and is distinguished from this case.

In *Malcolm*, the EEOC found that the plaintiff was subjected to discrimination and set forth several remedies in a May 3, 1999 decision. Included in that decision was a requirement that the defendant review and evaluate the plaintiff's claim for compensatory damages. On November 17, 1999, the EEOC issued a second decision concerning the plaintiff's claims for compensatory damages. The plaintiff filed suit in federal court seeking a trial *de novo* of only the November 17, 1999 decision. The defendants argued that a trial *de novo* was also required on the May 3, 1999 decision. *Malcolm*, 129 F. Supp. 2d at 3-4. The district court disagreed, finding that the May 3, 1999 decision constituted a final decision and the plaintiff had sought enforcement and relief from that decision. The November 17, 1999 decision was a separate final decision to which plaintiff did seek review, but such review did not require the review of a <u>previous</u> final decision. *Malcolm*, 129 F. Supp. 2d at 5. (Emphasis added). The *Malcolm* court held that in the "unique situation" before it (two separate final decisions), "[s]eeking *de novo* review of one final agency decision does not place a separate, unappealed final agency decision at risk of *de novo* review." *Malcolm*, 129 F. Supp. 2d at 6.

Here, Gaffney seeks a *de novo* review of one final decision; however, she only wants those aspects she disagrees with reviewed. Unlike *Malcolm*, Gaffney seeks a fragmented review of the <u>same</u> final decision. Accordingly, *Malcolm* fails to support Gaffney's argument.

Other courts have found that a plaintiff cannot fragment his or her trial *de novo* in the district court. In *Cocciardi*, the plaintiff filed a complaint in federal court, seeking review of only the issue of the remedy awarded by the EEOC. The *Cocciardi* court held that plaintiff was not entitled to a fragmented trial *de novo* but, rather, a full trial *de novo* was mandated. *Cocciardi*, 721 F. Supp. at 738. The court found that the Supreme Court in *Chandler* used the term "trial *de novo*" and that

such term is well-recognized as requiring a trial on all the issues of a particular case. *Cocciardi*, 721 F. Supp. 735. The court noted that the *Chandler* court, when commenting on the standard of review stated: 'Noting in the legislative history indicates that the federal-sector "civil action" was to have this chameleon-like character, providing fragmented *de novo* consideration of discrimination claims....' *Cocciardi*, 721 F. Supp. at 737, quoting *Chandler*, 425 U.S. at 861.

Similarly, in *Simpkins v. Runyon*, 5 F. Supp. 2d 1347 (N.D. Ga. 1998) (*Simpkins*), the district court found that Title VII uses the term "civil action" and, as the term is used in 42 U.S.C. 2000e-5, means a trial *de novo*. Trial *de novo* is commonly understood to mean a complete new trial on the merits. *Simpkins*, 5 F. Supp. 2d at 1348-49. *See also Ritchie*, 161 F. Supp. 2d at 450 (finding that plaintiff cannot have trial *de novo* on only the issue of remedy following analysis of above cases); *Boarman v. Sullivan*, 769 F. Supp. 904, 908 (D. Md. 1991) (citing *Moore*, 780 F.2d 1559, in finding that a plaintiff may not ask for *de novo* review of only selected issues of the EEOC's final decision).

The Court finds *Cocciardi*, *Simpkins*, *Ritchie*, and *Boarman* persuasive and properly reasoned. The Supreme Court, statute, and regulations use the term "civil action" and "trial *de novo*", which are commonly understood to mean a complete new trial. The statute and regulation clearly set forth that a plaintiff may file a civil action in federal court to enforce the agency's decision or for trial *de novo*. As set forth above, trial *de novo* is not required on any issues when a plaintiff seeks to enforce the agency's decision because the plaintiff is not contesting any part of the decision. However, when a plaintiff contests all or any of the agency's decision and seeks to enforce her rights under the statute, the plaintiff should not be able to simply pick and choose those aspects of the agency's decision he or she disagrees with and seek a second chance on only those issues. Allowing such a review would let a plaintiff "have his cake and eat it too". *Simpkins*, 5 F. Supp. 2d at 1349.

However, a "[p]laintiff may not have it both ways". *Ritchie*, 161 F. Supp. 2d at 450. The purpose of allowing a plaintiff to file an action in the district court is to provide the plaintiff with the opportunity to have a trial *de novo* of his or her claims just a state or private employee may file suit in federal court. The statute and applicable regulations do not indicate that the intention was to allow a plaintiff to have a new trial on only those issues that he or she disagrees. *See generally Chandler*, 425 U.S. at 859. Allowing a review of only certain aspects of the agency's final decision would not constitute a trial *de novo*. Instead, it would more properly be considered an appeal of certain issues. The statute and regulations do not allow such a review.

Based on the above, Gaffney is not allowed a trial *de novo* on only the issue of the denial of compensatory damages. Instead a trial *de novo* of her claims is required. However, this ruling does mandate summary judgment in favor of the Postal Service.

The Postal Service argues that summary judgment is proper because Gaffney's claim for compensatory damages should be considered a new claim for retaliation that this Court does not have jurisdiction to hear because Gaffney never raised a retaliation claim before the EEO.

In her claim for compensatory damages, Gaffney asks to be compensated for embarrassment, humiliation, emotional pain, mental anguish, loss of enjoyment of life, injury to her professional standing, and injury to her character and reputation. Under the Civil Rights Act of 1991, claims for compensatory damages include "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment fo life, and other nonpecuniary losses." *See* 42 U.S.C. § 1981a(b)(3). Gaffney asks for exactly these types of damages. Accordingly, her claim is one seeking recovery for the Postal Service's discrimination rather than a brand new claim of retaliation. *See Gibson v. Brown*, 137 F.3d 992, 994 (7th Cir. 1998), rev'd on other grounds, *West v. Gibson*, 527

U.S. 212 (1999) (finding that plaintiff's claims for compensatory damages, including mental anguish, did not constitute a new cause of action).

In a related argument, the Postal Service argues that summary judgment is proper because Gaffney did not present a claim for compensatory damages during her administrative proceedings; therefore, she did not exhaust her administrative remedies as to these damages.

In her complaint to the EEO, Gaffney stated: "for all the stress and other related problems suffered, I am seeking $250,000 in punitive damages". While this statement was not an explicit request for compensatory damages, it contains language fairly intended to claim compensatory damages and, more importantly, was so considered to be a request for compensatory damages during the administrative process. The OFO's decision on the Postal Service's request for recommendation remanded the issue of compensatory damages to the ALJ. The ALJ proceeded to order the parties to discuss settlement as to compensatory damages. After a settlement was not met, the ALJ declined to award compensatory damages for 'stress and other related problems suffered', finding that Gaffney failed to provide credible evidence to support an award of such damages. Accordingly, the language of Gaffney's complaint put the EEO on notice that she was seeking compensatory damages and the EEO acknowledged such notice by making rulings on the compensatory damages. Therefore, the question of compensatory damages was before the administrative agency, and Gaffney exhausted her administrative remedies as to claims for these damages.

Based on the foregoing, the Postal Service's Motion for Summary Judgment is denied.

Dated: _May 10, 2002_

_JOHN W. DARRAH_
United States District Judge